IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIE TYRONE CARR, #2154841 | § | |
| VS. | § | CIVIL ACTION NO. 2:19cv116 |
| BRAD MORIN | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Willie Tyrone Carr, an inmate confined at the Connally Unit within the Texas prison system (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Carr is suing Judge Brad Morin, of the 71st District Court in Harrison County, Texas. For reasons explained below, the Court recommends that Carr's lawsuit be dismissed, with prejudice, as frivolous, for the failure to state a claim upon which relief may be granted, and until the *Heck* conditions are met.

**I. Plaintiff's Amended Complaint**

Carr's amended complaint, (Dkt. #10), is the operative pleading in this lawsuit. An amended complaint entirely supersedes and takes the place of an original complaint. *See Clark v. Tarrant Cnty., Tx.* 798 F.2d 736, 740 (5th Cir. 1986). He maintains that Judge Morin engaged in "unrighteous sentencing" and that the victim is not telling the truth about Carr's case. As for his requested relief, Carr seeks to "be free" or to receive monetary damages. The Court notes

1

that TDCJ records indicate that Carr is currently serving an eight-year sentence for robbery out of Harrison County, Texas.

**II. Legal Standards**

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr Cnty., Tex*., 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Additionally, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550

2

U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

### III. Discussion and Analysis

Carr's lawsuit for money damages against Judge Morin is both frivolous and fails to state a claim upon which relief may be granted. A claim is based upon an indisputably meritless legal theory if the defendant is immune from suit. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Judge Morin has absolute immunity in a civil rights lawsuit for monetary damages for actions taken in his judicial capacity. *See Mireless v. Waco*, 502 U.S. 9, 9 (1991) ("A long line of this Court's precedent acknowledges that, generally, a judge is immune from a suit for money damages.") (per curiam); *see also Thompson v. Brown*, 675 F. App'x 479, 480 (5th Cir. 2017) (Mem) (unpublished) (dismissing a Texas prisoner's section 1983 appeal as frivolous, explaining that "[i]n other words, a trial judge enjoys absolute immunity for actions taken in the course of his judicial function unless they were nonjudicial or performed without jurisdiction.").

Here, Carr complains that Judge Morin engaged in "unrighteous sentencing" in his criminal case for robbery, (Dkt. #10, pg. 3-4). Carr is necessarily complaining about Judge Morin's actions taken in the course of his judicial functions—i.e., sentencing Carr. Therefore, Judge Morin enjoys absolute immunity and Carr's claims against him for monetary damages should be dismissed, with prejudice, as frivolous and for the failure to state a claim upon which relief may be granted.

To the extent Carr seeks to be released from imprisonment, as the victim is allegedly "not telling the truth about this case," that he "wants a fair chance," and that he "did not intentionally

[sic] knowingly & not have no recklessly causing bodily injury to the victim," (Dkt. #1, pg. 4, original complaint), such claims are similarly without merit. Carr's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Heck*, 512 U.S. at 486. The Court further held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

*Heck* applies to requests for injunctive relief—insofar as the prospective injunctive relief would call into question the Plaintiff's conviction or sentence. *See, e.g.*, *Miller v. Harris Cnty., Tex.*, 396 F. App'x 77, 78 (5th Cir. 2010) (unpublished) ("Because the claims for declaratory and injunctive relief call into question the validity of the deferred adjudication and order adjudicating guilt, they were dismissed property under the rule in *Heck*."); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004 (unpublished) ("*Heck* applies to claims for injunctive relief that imply the invalidity of the conviction.").

Here, Carr is complaining about his underlying conviction and seeks release from imprisonment. He maintains that the victim lied under oath, that he did not drag the victim, he received an "unrighteous sentence," and that he wants a "fair chance." These claims, if proven, would call the validity of his conviction and sentence into question. Such claims are "connected to the legality of his present confinement." *See Hudson v. Hughes*, 98 F.3d 868, 871 (5th Cir. 1996). Carr must first show that his conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. *Id*. at 487. He has made no such showing.

Claims barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). The Fifth Circuit labels this the "preferred" language. *Id*.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled lawsuit be dismissed, with prejudice, as frivolous, for the failure to state a claim upon which relief may be granted, and until the *Heck* conditions are met.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 26th day of May, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE